IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES TYLER                                              *
        Plaintiff,
    v.                                                    *     CIVIL ACTION NO. DKC-15-2262

WASHINGTON, D.C. CORRECTION          *
        Defendant.
                                     *****

**MEMORANDUM OPINION**

On August 3, 2015, this court received for filing a Complaint and Motion for Leave to Proceed In Forma Pauperis, filed by Plaintiff James Tyler ("Tyler"), a resident of Hyattsville, Maryland.  ECF Nos. 1 & 2.  The allegations contained in the Complaint accuse Defendant of violating the Age Discrimination in Employment Act of 1967 ("ADEA") when Tyler was denied employment as a correctional officer in the Department of Corrections in Washington D. C. in 2007. Tyler requests compensatory, equitable, and punitive damages against Defendant.  He invokes this court's federal question jurisdiction under 28 U.S.C. § 1331.  Assuming, arguendo, that Tyler may bring these claims in federal court, the Court deems it appropriate to transfer his case.

Because the ADEA has no specific venue provision, venue is controlled by the general venue statute.[1]  Under Title 28 U.S.C. § 1391 (b), a civil action may be brought in--

    (1) a judicial district in which any defendant resides, if all defendants are residents of
    the State in which the district is located;

---

[1] If Defendant "Washington, D.C. Correction" was a federal government agency, the venue provisions of 28 U.S.C. § 1391(e) would apply.  Defendant, however, is not a federal agency for purposes of jurisdiction as it functions as a division of "an independent municipal corporation with broad legislative powers over local matters." *See District of Columbia v. Owens-Corning Fiberglass Corp.*, 604 F. Supp 1459, 1462 (D.D.C. 1985); *see also Cannon v. United States*, 645 F.2d 1128, 1137 (D.C. Cir. 1981) (District of Columbia and its agencies are not federal agencies for the purpose of the Federal Tort Claims Act).

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In enacting § 1391(b), Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among different districts. Rather, Congress intended to restrict venue to "either the residence of the defendants or to 'a place which may be more convenient to the litigants'- *i.e.,* both of them-'or to the witnesses who are to testify in the case.'" *Leroy v. Great Western United,* 443 U.S. 173, 185 (1979). In most cases, the purpose of a statutorily specified venue statute is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place for trial. *Id.* at 183–84.

The named Defendant is located in the District of Columbia and all of the events giving rise to Tyler's claims occurred there. Accordingly, the court will TRANSFER this case to the United States District Court for the District of Columbia[2] pursuant to 28 U.S.C. § 1406(a).[3]

Dated: August 17, 2015.  /s/
DEBORAH K. CHASANOW
United States District Judge

---

[2] Decisions with regard to indigency status, service of process, and appointment of counsel shall be left to the transferee court.

[3] *See In re Carefirst of Maryland, Inc.,* 305 F.3d 253, 255–256 (4th Cir. 2002) (transfer of case under § 1406(a) to any district which would have had venue if the case was originally brought in that district); *Waytes v. City of Charlottesville*, 153 F.3d 725 (4th Cir. 1998) (when confronted with a case laying venue in the wrong district, district court is statutorily obligated to dismiss the case unless transferring the case to a district where the action could have been brought is in the interest of justice). Thus, a court may transfer a case to any jurisdiction which has personal jurisdiction over the defendants and in which venue is proper. *Haley v. Astrue,* 667 F.Supp.2d 138, 142 (D. D.C. 2009) (citing 28 U.S.C. § 1406(a)).